THOMAS ET AL., RECEIVERS, *v.* THE CLEVELAND TRUST CO.

THOMAS ET AL., RECEIVERS, *v.* THE UNION TRUST CO.

THOMAS ET AL., RECEIVERS, *v.* THE PEARL STREET SAVINGS & TRUST CO.

THOMAS ET AL., RECEIVERS, *v.* THE GUARDIAN TRUST CO.

THOMAS ET AL., RECEIVERS, *v.* THE MIDLAND BANK.

418

(Decided June 27, 1927.)

Messrs. *Dustin, McKeehan, Merrick, Arter &
Stewart*, for plaintiffs in error.
Messrs. *Bernon, Mulligan, Keeley & Le Fever*,
for Union Trust Co.
Messrs. *Sawyer, Cummings, Mook, Strong &
Douglas*, for Cleveland Trust Co.
Mr. *F. K. Pickering*, for Guardian Trust Co.
Messrs. *Smith, Olds, Smith & Shepherd*, for Pearl
Street Savings & Trust Co.
Messrs. *Baker, Hostetler & Sidlo*, for Midland
Bank.

VICKERY, J. All of these cases come into this
court on petitions in error to the common pleas court
of Cuyahoga county.

From the record and argument of counsel, we
learn that Wm. H. Thomas and Clarence J. Neal
are the receivers appointed for the Municipal Sav-
ings & Loan Company, and, as such, are engaged in
winding up its affairs.

The Municipal Savings & Loan Company was a

building and loan company operating under the laws of the state of Ohio, and, prior to the appointment of these receivers and of their predecessors in the office of receivership, was carrying on a building and loan company, and, as such, had procured from the various banks, defendants in error here, certain loans, amounting in all to something like $600,000, and had deposited to secure such loans mortgages and notes taken from its customers, which it had assigned to the various banks, upon the strength of which assignments, and the pledging of collateral, the various banks named as defendants in the suits below parted with the various sums of money charged against them.

After insolvency and the appointment of receivers by the court of common pleas, as aforesaid, the said receivers brought suit against each one of the defendants, to wit, the Cleveland Trust Company, the Union Trust Company, the Pearl Street Savings & Trust Company, the Guardian Trust Company, the Midland Bank, and perhaps others, alleging the assignments and the pledging of collateral by the said building and loan company to each of the said banks, and alleging that the said action upon the savings and loan company was contrary to law, and beyond the scope and power of the said building and loan company to so deposit its collateral, without the consent of the building and loan inspector of the state of Ohio, which, it was alleged, had not been procured, and the receivers therefore urged that, inasmuch as the transaction was illegal, they should be permitted to recover back the securities that had been deposited by the said savings and loan company to secure these various loans.

No offer to put the various banks *in statu quo,* and no offer to return the money secured from these various banks, was ever made. The plaintiffs claim the right and equity to recover possession of the securities, although it is frankly admitted that, by virtue of these securities, the building and loan company secured about $600,000, which it used in the conduct of its business. And they now seek to recover the securities without having repaid, or offering to repay, the consideration which was parted with by the banks.

A demurrer to this petition was sustained by the common pleas court, and error is prosecuted to this court to reverse the various judgments.

We have heard the arguments of counsel, read the briefs, and familiarized ourselves with the facts in this case, and are constrained to come to the conclusion that the demurrer was well sustained. It would seem that a simple maxim would be sufficient to support these decisions. "He who seeks equity must do equity." Now here is a transaction involving more than one half a million dollars, which the savings and loan company actually got and used in the conduct of its business, and now, when it is insolvent, its representatives seek to recover the securities without tendering, or offering to tender, the money that was parted with by the banks. We do not think that a court of equity would be at all equitable if it would grant such a prayer.

It may be that the transaction was illegal, for which the inspector of building and loan associations might be justified in revoking the charter of the building and loan company, but we know of no principle of law or of equity which would permit

the Municipal Savings & Loan Company, or. its receivers, to recover the securities without first making good the loan. We do not think that the case in the Seventh circuit is exactly in point.

We therefore think that the judgment of the court of common pleas should be affirmed in all of these cases.

*Judgments affirmed.*

SULLIVAN, P. J., and LEVINE, J., concur.